IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00442-EWN-MEH

RHIDALE DOTSON,

      Applicant,

v.

WARDEN CARL ZENON and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

RECOMMENDATION FOR DISMISSAL OF ACTION

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

## INTRODUCTION

Applicant has pending before this Court an Application For A Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 ("Application"). Respondents have filed their Answer, and

Applicant has submitted his Traverse. Pursuant to 28 U.S.C. § 636(b)(1)(B), and

D.C.COLO.LCivR 72.1, this matter has been referred to me for Recommendation. Based upon

the record herein, I **recommend** that the Application be denied and this case be dismissed with

prejudice.

The parties are advised that they shall have ten (10) days after service hereof to serve and

file any written objections in order to obtain reconsideration by the District Judge to whom this

case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those

findings or recommendations to which the objections are being made. The District Court need

not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a <u>de</u> <u>novo</u> determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## **BACKGROUND**

In 2001, Applicant was convicted of felony murder, aggravated robbery, and a lesser non-included offense of accessory to crime in connection with the robbery and murder of Jason Trefny in Trefny's home.  The Application on file herein demonstrates that the judgment of conviction and sentence entered against the Applicant were affirmed on direct appeal by the Colorado Court of Appeals.  The Colorado Supreme Court denied certiorari review.  Applicant did not attempt any postconviction appeals of his conviction or sentence.

On March 10, 2005, Applicant filed his federal habeas application pursuant to 28 U.S.C. § 2254 in this Court.  *See* Docket #3.  In the Application, he raises three claims for relief: Claim One alleges a violation of the Applicant's due process rights and right to a fair trial based the trial court's admission of incriminating statements he made to his mother, Ms. Priscilla Jajdelski, who is a licensed minister of the Bethsaida Temple (a non-denominational Pentecostal based church).  Claim Two contends that Applicant's due process rights and Sixth Amendment right to a fair trial

2

were violated when the trial court failed to grant his defense challenge for cause to a prospective

juror.  In his third claim, Applicant alleges his constitutional rights were violated by prosecutorial

misconduct based on comments made by the prosecutor to the effect that Applicant's girlfriend,

who testified as a witness, feared him; assertions made by the prosecution to the effect that prior

act evidence should be used as propensity evidence; the prosecution vouched for the truth of

certain witnesses; a personal attack on defense counsel by the prosecutor; and the prosecutor's

characterization of the offense as a vile and evil act.

In their Answer to the allegations of the Application, the Respondents concede that

jurisdiction is appropriate in this matter, but argue that the habeas request has been untimely filed

under 28 U.S.C. § 2244(d)(1).  They further contend that the Applicant has not exhausted his

state remedies with regard to Claim One of his Application, but concede that he has exhausted the

allegations of Claims Two and Three.  Respondents also challenge the claims on their merits,

arguing that Applicant has not established that he is entitled to habeas relief under the standard set

forth in 28 U.S.C. § 2254(d).  On August 10, 2005, the Applicant submitted his Traverse in which

he strenuously objects to arguments raised in the Respondents' Answer.

## DISCUSSION

I.      **Timeliness of the Application.**

Respondents argue that the Application is untimely pursuant to the 1-year limitations

period provided under 28 U.S.C. § 2254(d)(1).  Respondents contend that the 1-year period

started to run in this matter on March 1, 2004, and because the Applicant has not filed any state

postconviction motions which would toll the limitations period, the 1-year period expired on

March 1, 2005.  Because the Application was received by this Court on March 3, 2005, and

subsequently deemed filed on March 10, 2005, the Respondents take the position that the

Application is untimely, and therefore, barred.

It appears from the record that the Application in this case was signed and dated by the

Applicant on February 28, 2005.  *See* APPLICATION, Docket #3, p. 9.  Accordingly, this action can

be deemed commenced on February 28, 2005, pursuant to the prisoner mailbox rule.  *See*

*Houston v. Lack*, 487 U.S. 266, 270 (1988); *see, also, Davis v. Ortiz*, Civil Action No. 02-N-

2275, Docket #4 (D.Colo. 2002) (applying prisoner mailbox rule in connection with filing of §

2254 application).

Additionally, Applicant has supplied evidence to demonstrate that the Application was

received for mailing at the facility at which he is housed on March 1, 2005, and it was mailed on

March 2, 2005.  *See* TRAVERSE, Docket #23, Appendix A.  Accordingly, the Application was

timely filed under the provisions of 28 U.S.C. § 2244(d)(1), and Respondents' argument in this

regard should be denied.  *See Hall v. Scott*, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (under the

"mailbox rule" habeas application was considered "filed" when the prisoner's application was

delivered to prison officials for mailing).

## II.    Standard of Review.

In the course of reviewing state criminal convictions in federal habeas corpus proceedings,

a federal court does not sit as a super-state appellate court.  *See Estelle v. McGuire*, 502 U.S. 62,

67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41

(1984).  "When a federal district court reviews a state prisoner's habeas [application] pursuant to

28 U.S.C. § 2254 it must decide whether the [applicant] is 'in custody in violation of the

Constitution or laws or treaties of the United States.'  The court does not review a judgment, but

the lawfulness of the [applicant's] custody *simpliciter.*"  *Coleman v. Thompson*, 501 U.S. 722,

730 (1991).  The exhaustion of state remedies requirement in federal habeas cases dictates that a

state prisoner must "give the state courts one full opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process."  *O'Sullivan*

*v. Boerckel*, 526 U.S. 838, 845 (1999).  Accordingly, based on denial of certiorari review by the

Colorado Supreme Court in Applicant's case, habeas review in this Court is concerned with the

proceedings in the Colorado Court of Appeals which was the final substantive proceedings in the

state appellate review process.

Applicant's conviction became final after April 24, 1996, which is the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA applies to all

federal habeas applications filed after the AEDPA's effective date, regardless of when the state

proceedings occurred.  *See Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999); *Moore v.*

*Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999).

Under AEDPA, an applicant is entitled to federal habeas relief only if he can establish that

the state court decision was "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States," or was "based

on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."  28 U.S.C. § 2254(d)(1)-(2); *see, also, Hale v. Gibson*, 227 F.3d 1298, 1309 (10th

Cir. 2000).

As the Supreme Court recently stated:

A state-court decision is contrary to . . . clearly established precedents if it applies
a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it
confronts a set of facts that is materially indistinguishable from a decision of [the
Supreme] Court but reaches a different result.  A state-court decision involves an

unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*,  544 U.S. 133, 125 S.Ct. 1432, 1438-39 (2005) (internal citations omitted).

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require awareness of [those] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).  So, when a state court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the applicant as the federal standard, the reviewing court may presume an adjudication on the merits and apply AEDPA deference.  *See Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005).

Factual findings made by the state trial and appellate courts are presumed correct, with the applicant having the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003).  "[W]hether a state court's decision was unreasonable must be assessed in light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

Even if the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, unless the error is a "structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by harmless-error standards," *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993), the harmless error standard of *Brecht* and *O'Neal v. McAninch*, 513 U.S. 432 (1995), must be applied.  *See Herrera v. Lemaster*, 301 F.3d 1192, 1200 (10th Cir. 2002).  Under *Brecht,* habeas relief is not proper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S.

at 623.  *O'Neal* addresses the situation where the court is in "grave doubt" about the likely effect

of the error on the jury's verdict – that is, where "the matter is so evenly balanced that [the court]

feels [itself] in virtual equipoise as to the harmlessness of the error."  *O'Neal*, 513 U.S. at 435.  In

such a case, *O'Neal* instructs the court to treat the error "as if it had a substantial and injurious

effect or influence in determining the jury's verdict."  *Id.* (quoting Brecht, 507 U.S. at 623).

Applicant proceeds in this action *pro se*.  As a *pro se* litigant, Applicant's filings are

entitled to liberal construction by this Court.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.

## III.   **Plaintiff's Claims**.

### A.   **Claim One: Alleged Erroneous Admission of Privileged Confidential Communications.**

In his first claim before this Court, the Applicant alleges that his constitutional rights to

due process and to a fair trial were violated by admission at trial of statements he made to a

minister who is also his mother.  In his direct appeal, however, Applicant claimed that the trial

court had "committed reversible error when it admitted privileged confidential communications

that [Applicant] made to a clergy member during a religious confession."  ANSWER, Docket #8,

Exh. A, p. 4.   Review of the briefing in connection with Applicant's appeal in this regard reveals

that the claim raised in the state court was not the same as the one Applicant seeks to champion in

this Court. *Cf. id*. at Exh. A, pp. 7-14; APPLICATION, Docket #3, pp. 5A-5C; TRAVERSE, Docket

#23, pp. 5-15.  The Applicant's briefing on appeal fails to raise the issue of how the admission of

the statements violated his right to a fair trial or his due process rights or any other right protected

under the federal constitution.  Instead, the briefing focuses on and argues that admission of the statements violated that state clergy-communicant privilege statute, Colo.Rev.Stat. § 13-90-107(1)(c).  Whether or not the finding of the state courts complied with state law under Colo.Rev.Stat. § 13-90-107)(1)(c) is irrelevant to this Court's analysis of Applicant's claim.  Errors of state law do not provide grounds for federal habeas relief.  *See Estelle*, 502 U.S. at 67-68.  The briefing makes only makes a cursory reference and citation to due process and a fair trial under U.S. CONST. Amends. IV, V, VI and XIV.  *See* ANSWER, Docket #8, Exh. A, pp. 13-14.

In order to allow the state courts the opportunity to act on or correct the violations alleged, the Applicant must do more than just invoke the magic words "fair trial," or "due process," or make only cursory citation to the appropriate constitutional amendments.  He must provide legal theory explaining how the admission of the statements or testimony violated these particular federal constitutional rights.  *See, e.g., Anderson v. Harliss*, 459 U.S. 4, 7-8 (1982) (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard v. Connor*, 404 U.S. 270, 276-77 (1971) (holding, in pre-AEDPA case, habeas applicant failed to fairly present federal claim to state court where, despite presenting all necessary facts, applicant failed to assert specific argument that he later tried to raise in federal court); *see, also, Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding applicant's general state court claim was insufficient to exhaust his later, more specific federal habeas claim).  Applicant failed to do so in his direct appeal to the state courts and, therefore, this claim is unexhausted.  However, because the claim is without merit, this Court may deny it without regard to the exhaustion issue.  *See Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002).

In federal habeas proceedings, this Court need not concern itself with whether a state procedural or evidentiary rule has been violated, but only whether the admission of such evidence violated the United States Constitution. *See Estelle*, 502 U.S. at 67.   Even if the evidence was improperly admitted, it is harmless for constitutional purposes unless the error had a "substantial and injurious effect or influence" on the jury's deliberations and verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  The Applicant must establish that the error "resulted in actual prejudice." *Id*.  A state court's evidentiary ruling is not questioned unless the admission of the evidence so fatally infected the proceedings so as to render them fundamentally unfair. *See Williamson v. Ward*, 110 F.3d 1508, 1522 (10th Cir. 1997).  "[B]ecause a fundamental-fairness analysis is not subject to clearly definable legal elements," when reviewing a state court evidentiary ruling for purposes of federal habeas relief, a federal court must "tread gingerly" and exercise "considerable self-restraint." *United States v. Rivera*, 900 F.2d 1462, 1477 (10th Cir. 1990).

Nothing in the record reflects that the state court ruling allowing admission of the statements into evidence was constitutionally infirm, or that the jury used the evidence for an improper purpose, or that an instruction which was given directed the jury to misuse the evidence. There is a rational inference of Applicant's guilt, that is not constitutionally impermissible, which the jury could draw from the challenged evidence.  The admitted statements were not the sole evidence of Applicant's guilt before the jury for consideration, and the Applicant has failed to demonstrate that the results of the trial could have been different if the alleged error had not occurred. The record contains no evidence that the Applicant did not have fair notice of the State's intended use of this evidence, or that he did not have an opportunity to contest it or

prepare a defense against it.  Accordingly, there is simply no federal constitutional basis for a finding that admission of the evidence rendered the proceedings fundamentally unfair.

Applicant does raise the argument that:

> In light of the mandatory nature of [Colo.Rev.Stat. §] 13-90-107(1)(c), and of the fact that the purpose of this statute is to protect an accused from the indirect violation of his constitutional right against self incrimination, <u>Ferrell v. Vogt</u>, [423 P.2d 844 (Colo. 1967)], the Applicant acquired a protected liberty interest in not being convicted and sentenced to prison through the use of statements he made to a minister . . . ."

TRAVERSE, Docket #23, p. 7.

By arguing that he acquired a "protected liberty interest", it appears that the Applicant is attempting to raise a more specific due process challenge than the general argument apparent from the designation of his first claim in the Application.  The Applicant does not distinguish whether he is attempting to raise a substantive or procedural due process argument in this regard. However, under either legal theory, the claim fails without the necessity of this Court making a determination of whether a protected liberty interest is, indeed, implicated as the Applicant contends.

Based upon the state court documents in the record, Applicant has provided no basis for a finding that he was denied notice and opportunity to be heard in this regard.  *See generally Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (procedural due process requirements are generally satisfied by appropriate notice and an opportunity to be heard).  In the trial court, the Applicant filed a motion to suppress the statements he made to his mother, who is a minister, asserting clergy-communicant privilege under Colo.Rev.Stat. § 13-90-107(1)(c).  *See* ANSWER, Docket #8, Exh. D, p. 5.  A hearing was held on the motion, at which the Applicant presented testimony in support of suppression of the statements.  *See id.* at Exh. A, pp. 4-6; Exh

10

C, p. 5.  The record establishes that if the Applicant was arguably deprived of a liberty interest, constitutionally adequate procedural safeguards were provided to him prior to any alleged deprivation taking place.   Therefore, a procedural due process violation claim fails.

Additionally, Applicant has not demonstrated that admission of his statements in light of the state statute occurred in an inconsistent, arbitrary or capricious manner so as to implicate his substantive due process rights. *See generally Curtis v. Oklahoma City Pub. Schs. Bd. of Educ.*, 147 F.3d 1200, 1215 (10th Cir. 1998) (substantive due process requires that termination of a liberty or property interest not be arbitrary, capricious, or without a rational basis).  The standard for judging a substantive due process claim is whether the challenged government action would "shock the conscience of federal judges."  *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998) (quotations omitted).  The Applicant bears the burden of demonstrating "a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking."  *Id.*

Although the issue was clearly disputed between the parties, both parties were given full opportunity to persuasively present their positions to the state courts, both at the trial and appellate levels.  There is nothing in the record to demonstrate that these courts failed to consider or misunderstood the importance of the affected individual interests at stake, the character of the privilege in question, or the asserted interests in support of the privilege.   The record in this regard essentially demonstrates a judicial determination made under state law with which the Applicant disagrees; a situation fairly common-place in the judicial system, and far from conscience shocking.  Applicant's disagreement with the ruling, without more, fails to provide him with a basis upon which he may avail himself of federal constitutional principles for

11

vindication.  Accordingly, the Applicant has failed to establish a substantive due process claim in this regard.

The Applicant is not entitled to habeas relief under the arguments raised in Claim One of his Application, and the same should be denied.

**B.      Claim Two: Alleged Failure by the Trial Court to Grant a Defense Challenge for Cause to a Prospective Juror.**

Applicant claims that his constitutional right to a fair trial by an impartial jury was violated when the trial court denied his challenge for cause to a prospective juror who the Applicant asserts was racially biased and who Applicant alleges was further biased because she had previously been the victim of a robbery.  State trial courts have broad discretion in ruling on the qualification of prospective jurors.  A state trial judge's exercise of that discretion may be overturned only for manifest error.  *Mu'Min v. Virginia*, 500 U.S. 415, 428 (1991).  The constitutional requirement of juror impartiality requires that a juror be able to lay aside his or her opinion "and render a verdict based on the evidence presented in court. . ."  *Patton v. Yount*, 467 U.S. 1025, 1037 n. 12 (1984).  Whether a particular juror can in fact meet this standard is "a determination to which habeas courts owe special deference . . ."  *Id.*

A state court's determination on the question of whether a juror would be impartial and decide the case on the evidence is entitled to a presumption of correctness.  *Id.*, at 1038; 28 U.S.C. 2254(e)(1).  On habeas review, the question is whether there is fair support in the record for the state court's determination that the prospective juror would be impartial.  *Patton*, 467 U.S. at 1038; *See Wainwright v. Witt*, 469 U.S. 412, 426-29 (1985).  This presumption may be overcome only if the Applicant establishes defects in either the voir dire procedure or the qualification of jurors.  Any such defects are constitutionally infirm only when they "render the

(applicant's) trial fundamentally unfair." *See Mu'Min*, 500 U.S. at 426.

Although citing to state case law authority, *see* ANSWER, Docket #8, Exh. D, pp. 8-9, the Colorado Court of Appeals applied the standard  recognized by the United States Supreme Court and did not apply a legal standard "diametrically different" from, "opposite in character or nature" from, or "mutually opposed" to the correct legal standard, *Williams*, 529 U.S. at 406-07. Because the state court identified and applied the correct governing legal principal in this regard, Applicant has not shown that he is entitled to a review of this claim under 28 U.S.C. § 2254(d)(1).

Applicant has also failed to demonstrate that the claim should be considered under the provisions of 28 U.S.C. § 2254(d)(2).  A review of the state court opinion surrounding Applicant's state proceedings demonstrates that the factual determinations were reasonable in light of the evidence presented.  The appellate court noted the doubts and hesitancy expressed by the juror, but when weighed against the juror's indication that she could set aside her bias or personal feelings, found that the voir dire as a whole supported the conclusion that the juror could be fair and impartial.  *See* ANSWER, Docket #8, Exh. D, pp. 9-10.  Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct.  The [applicant] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  The general presumption applies to factual findings of state appellate courts as well as to trial courts.  *Sumner v. Mata*, 449 U.S. 539, 544-49 (1981).  The Applicant has supplied only conclusory arguments and conjecture that the juror was "browbeaten into submission and simply said she would set her biases aside in an effort to avoid further questioning."  *See* TRAVERSE, Docket #23, p. 20.  Clear and convincing evidence is evidence that

is "so clear, direct, weighty and convincing as to enable the [fact finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *United States Fire Ins. Co. v. Royal Ins. Co.*, 759 F.2d 306, 309 (3rd Cir. 1985).   Here, Applicant presents no such evidence to rebut the correctness of the state court's findings.

Finally, insofar as the Applicant's pro se argument may be construed to claim that the trial court's denial of his request to strike the juror for cause required him to use one of his peremptory challenges to remove the juror, thereby denying him his full complement of peremptory strikes in violation of his constitutional rights, the argument also fails.

In *United States v. Martinez-Salazar*, the United States Supreme Court ruled that "'peremptory challenges [to prospective jurors] are not of constitutional dimension,' rather they are one means to achieve the constitutionally required end of an impartial jury." 528 U.S. 304, 307 (2000) (quoting *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988)).   In *Martinez-Salazar*, the Court focused on "the erroneous refusal of a trial judge to dismiss a potential juror for cause, followed by the defendant's exercise of a peremptory challenge to remove that juror." *Id*.   The Court held that "if the defendant elects to cure such an error by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right." *Id*.

The record herein establishes that the Applicant "used the challenge in line with a principal reason for peremptories: to help secure the constitutional guarantee of trial by an impartial jury." *Id*. at 316.   Further, the Applicant does not argue that the members of the final jury were biased or prejudiced against him.   Accordingly, the Applicant has failed to state a claim that his constitutional rights were violated in this regard.   Federal habeas relief is not warranted on this

claim, and it should therefore be dismissed.

### C.   Claim Three: Prosecutorial Misconduct.

In his third claim for relief, the Applicant asserts that prosecutorial misconduct deprived him of his right to a fundamentally fair trial, in violation of the Fourteenth Amendment, and that his Sixth Amendment right to an impartial jury was also violated by prosecutorial misconduct. The Applicant cites to five separate instances of alleged misconduct by prosecutors, and the cumulative effect of those instances, to demonstrate a violation of his constitutional rights. The Colorado Court of Appeals found that none of the alleged instances of misconduct, either individually or collectively, warranted relief on direct appeal. *See* ANSWER, Docket #8, Exh. D, pp. 10-16.

The United States Supreme Court has prescribed rules that govern the Applicant's prosecutorial misconduct claims. Primarily, the Supreme Court has found that in order to be entitled to relief under a claim of prosecutorial misconduct, the misconduct alleged must make the proceedings "so fundamentally unfair as to deny [the applicant] due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974). Inquiry into the fundamental fairness of a trial can only be made after examining the entire proceedings. *Id*. at 643. This fundamental unfairness test has been determined under federal case law to govern claims brought under the Due Process Clause of the Fourteenth Amendment, *see Duvall v. Reynolds*, 139 F.3d 768, 794 (10th Cir. 1998), and the Sixth Amendment guarantee of a fair trial, *see Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998). Citing to state authority, the state appellate court identified it's review of Applicant's claim as being limited as follows:

> In determining whether a prosecutor's statements constitute inappropriate
> prosecutorial conduct, a trial court must determine whether the improper conduct

> in all probability influenced the jury's result or affected the fairness of the proceedings.  Such a determination is generally within the trial court's discretion.  It must consider the impact of a prosecutor's comments . . . in the context in which they were presented.  However, where an appellate court concludes that prejudice created by prosecutorial misconduct was so great as to result in a miscarriage of justice, a new trial may be granted notwithstanding the trial court's failure to impose such a sanction.

ANSWER, Docket #8, Exh. D, p. 11 (citing *Harris v. People*, 888 P.2d 259 (Colo. 1995)).

Because the Colorado Court of Appeals applied the same basic substantive test in its analysis that this Court would apply to determine whether there has been a due process or fair trial violation, deferral to its ruling is warranted unless it "unreasonably appli[ed]" that test.  28 U.S.C. § 2254(d); *see Harris*, 411 F.3d at 1196.  In this case, the test was not unreasonably applied because nothing in the record demonstrates that the state appellate court reached a different result based on facts that were materially indistinguishable from a decision of the Supreme Court, nor did it apply the Supreme Court's precedents to the facts in an objectively unreasonable manner.  The court evaluated the totality of the evidence before it, to include the briefing and arguments presented by the parties, and weighed the factors according to the prevailing standard.  Applicant fails to identify any decision of the United States Supreme Court which holds, based on facts similar to those of the Applicant, that the prosecutorial misconduct he complains of deprived him of his right to due process or to a fair trial.  Accordingly, review in this Court of Applicant's claim under the standard of 28 U.S.C. § 2254(d)(1) is not warranted.

Allegations of prosecutorial misconduct are mixed questions of law and fact.  *See Fero v. Kerby*, 39 F.3d 1462, 1473 (10th Cir. 1994).  Therefore, it is appropriate for this Court to consider whether the state court's decision was an unreasonable determination of the facts in light of the evidence presented.  In performing this function, however, a federal court may not second-guess a

16

state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable. *See Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001) (state court's determination of facts must be objectively unreasonable in light of evidence available to the state court); *Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000) (same standard of unreasonableness applies under subsections § 2254(d)(1) and § 2254(d)(2)). Mere disagreement with the state court's determination, or even erroneous factfinding, is insufficient to grant relief if the court acted reasonably. *Weaver*, 241 F.3d at 1030. With this standard in mind, I turn to the Applicant's individual claims of prosecutorial misconduct.

> **1. Comments Made by the prosecutor to the Effect that Applicant's Girlfriend, Who Testified as a Witness, Feared Him.**

Undisputed in the record before the Colorado Court of Appeals was that twice during the prosecution's examination of Suki Eva McDaniel, Applicant's girlfriend at the time of the offense, testimony was elicited to the effect that Ms. McDaniel had not come forward with information regarding the crime sooner because she was afraid. *See* ANSWER, Docket #8, Exh. A, p. 22-23 and Exh. B, p. 13. The first time the testimony occurred, the trial court interrupted the prosecutor and summoned counsel to the bench, ruling that the prosecutor was not to pursue questions about Ms. McDaniel being afraid of the Applicant. *Id.* at Exh. A, p. 23 and Exh. B, p. 13. Citation to the trial transcript indicates that the jury was instructed to disregard the prosecutor's question. *See* ANSWER, Docket #8, Exh. B, p. 13. When the prosecutor asked the witness a second time why it had taken her so long to come forward, to which Ms. McDaniel again responded she was afraid, counsel were again summoned to the bench and the prosecutor questioned by the court as to why he was asking questions to which he did not know the answer.

17

*Id.* at Exh. A, p. 23 and Exh. B, p. 13.  The prosecutor was warned that he "better watch it," or there would be a mistrial.  *Id.*   The prosecutor then instructed the witness, "don't tell us about whether or not you were afraid of anybody."  *Id*. at Exh. A, p. 23 and Exh. B, p. 14.  It is undisputed that the trial court then interrupted the prosecutor, and instructed the jury to disregard the prosecutor's statement.  *Id*. When viewing this issue, the Colorado Court of Appeals found there to be no reversible error because juries are presumed to follow instructions, and that curative instructions are generally sufficient to overcome error.  *See* ANSWER, Docket #8, Exh. D, p. 12.

Applicant argues that the prosecutor's failure to follow the trial court's directives constituted a violation of ABA Standard 3-5.7(d), thereby establishing misconduct.  However, only violations of federal law or the federal constitution can provide grounds for relief in a federal habeas action.  *See* 28 U.S.C. § 2254(a).  Applicant also appears to take the completely unsubstantiated position that the jury completely disregarded the instructions given to them by the trial court.  Juries, however, are presumed to follow their instructions.  *Zafiro v. United States*, 506 U.S. 534, 540-41 (1993); *United States v. Carter*, 973 F.2d 1509, 1513 (10th Cir. 1992).  Based upon the undisputed facts in the record before it, the state court's decision was not based on an unreasonable determination of the facts and this claim of prosecutorial misconduct cannot provide an avenue for federal habeas review under 28 U.S.C. § 2254(d)(2).

### 2.   Assertions Made by the Prosecution to the Effect that Prior Act Evidence Should be Used as Propensity Evidence.

On appeal, and in this Court, the Applicant primarily argues that a comment made by the prosecution in closing argument that the Applicant was a creature of habit likely led the jury to believe it could consider prior act evidence as propensity evidence in violation of the Colorado

Rules of Evidence and contrary to the trial court's instruction on the matter. *See* ANSWER, Docket #8, Exh. A, p. 24-25; TRAVERSE, Docket # 23, p. 24-25. Once again, however, violations of state law does not provide grounds for federal habeas relief. *See* 28 U.S.C. § 2254(a).

The Applicant also argues that the statement was an impermissible comment on his character which may have misled the jury. The state appellate court found that "[w]hile the prosecutor's choice of words was not ideal, in the context in which it was made, the argument related to the identity of the perpetrator of the offense here and the similarity of the scheme or plan in the two offenses." *See* ANSWER, Docket #8, Exh. D, p. 13. This finding was based upon the record before the appellate court, and there is no evidence to support that the court misunderstood the record or that the record was ignored. *See, e.g., Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003) (where state court plainly misunderstands the record in making its findings, and the confusion goes to a material factual issue that is central to the applicant's claim, that misunderstanding can result in factual finding that is unreasonable). Accordingly, the provisions of § 2254(d)(2) do not provide an avenue for review of this claim.

### 3.      The Prosecution Vouched for the Truth of Certain Witnesses.

As he did before the Colorado Court of Appeals, the Applicant argues in this Court that at trial, the prosecutor twice commented on the truthfulness of the testimony of Suki McDonald and that the comments constituted improper vouching for the witness' credibility. *See* TRAVERSE, Docket #23, pp. 25-26; ANSWER, Docket #8, p. 25-26. Additionally, the Applicant argues that during rebuttal, the prosecutor stated that the jury should believe Ms. Jajdelski's grand jury testimony, and not her trial testimony in which she indicated she had a limited ability to remember.

*Id*.  Applicant contends that this action by the prosecution constituted improper vouching.

The record before the state appellate court evidences, and that court specifically found that the trial court intervened during the prosecutor's comments with regard to Ms. McDonald and instructed the jury that credibility was an issue within their discretion.  *See* ANSWER, Docket #8, Exh. B, p. 18 and Exh. D, pp. 13-14.  As noted previously, juries are presumed to follow their instructions.  *Zafiro*, 506 U.S. at 540-41; *Carter*, 973 F.2d 1513.  The Applicant has supplied no evidence to rebut this presumption.

With regard to the prosecutor's comments concerning Ms. Jajdelski, "[a]rgument or evidence is impermissible vouching only if the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witnesses' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony."  *United States v. Magallanez*, 408 F.3d 672, 680 (10th Cir. 2005) (internal quotation marks omitted).  Here, the state appellate court found that the statement of the prosecutor with which the Applicant takes issue was not "an expression of personal belief, but rather as comments urging the jury to consider the circumstances surrounding the grand jury testimony and to accept that testimony as true."  ANSWER, Docket #8, Exh. D, p. 14.   There is no evidence in the record that the prosecutor made personal assurances of credibility, and the prosecutor never indicated to the jury that he knew something more about the witness's credibility than could be deduced from the evidence at trial.  Even if the statement was over the line in favor of vouching, *see United States v. Broomfield*, 201 F.3d 1270, 1276 (10th Cir. 2000) (assuming prosecutor's characterizations and arguments were improper vouching, but deciding that any error was harmless), there is no evidence of substantial unfair prejudice.

With respect to due process, the closing argument will only warrant relief on federal habeas review if it renders an applicant's trial or sentencing "fundamentally unfair." *See Donnelly*, 416 U.S. at 645. That determination depends on whether there is a reasonable probability that, in the absence of the improper arguments, the outcome would have been different. *Strickland v. Washington,* 466 U.S. 668, 695-96 (1984). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. This is not a harmless error standard; instead, if the court finds that the circumstances of the case did not render applicant's trial unfair, then there is no constitutional error. *Darden v. Wainwright*, 477 U.S. 168, 183 n.15 (1986). Applicant fails to demonstrate that if the statement had not been made, the outcome of the proceedings would have been any different. Particularly, he fails to show that the comment was significant enough to influence the jury's decision in light of the evidence of guilt in the record. Accordingly, there is no evidence that the Colorado Court of Appeals made an unreasonable determination of facts in light of the evidence presented, or that the appellate court's decision was contrary to or involved an unreasonable application of federal law. Therefore, habeas relief on this claim is not warranted.

**4.     Personal Attack on Defense Counsel by the Prosecutor**.

The Colorado Court of Appeals summarized the background of this claim as follows:

[Applicant] next asserts that a comment by the prosecutor directed to defense counsel during closing argument was improper. Following a series of objections to his closing argument, the prosecutor addressed defense counsel stating, "[Defense Counsel,] there is going to be justice in this courtroom." The trial court immediately intervened, stating, "No, no," and a short time later admonished the prosecutor in the presence of the jury stating, "let's direct [the closing argument] to the evidence, not just another attorney."

After closing arguments, [Applicant] moved for a mistrial based, in part, on the

> prosecutor's statement.  The court acknowledged that the statement was
> prosecutorial misconduct, but noted, "I think I stopped the jury from hearing it,
> but I don't know."  The court then deferred ruling on the motion.
>
> Later, the trial court denied a motion for new trial based in part on this
> misconduct, thus implicitly deciding that the trial had been fair and that the verdict
> had not been improperly influenced.

ANSWER, Docket #8, Exh. D, p. 15.

It is undisputed that the prosecutor's comment was found to constitute misconduct.  *See*

*Id*.  However, that fact alone does not provide a basis for habeas relief.  The standard to be

observed is that "a criminal conviction is not to be lightly overturned on the basis of a

prosecutor's comments standing alone, for the statements or conduct must be viewed in context;

only by so doing can it be determined whether the prosecutor's conduct affected the fairness of

the trial."  *United States v. Young*, 470 U.S. 1, 11 (1985).  From the record before it, to include

the trial transcript and arguments of counsel, the Colorado Court of Appeals found (1) uncertainty

that the jury actually heard the comment, (2) the trial court timely and appropriately intervened in

the matter, and (3) the trial court had instructed the jury at the beginning of the proceedings that

the jury's decision must be based solely on the evidence and the instruction of the court.

ANSWER, Docket #8, Exh. D, p. 15.  Applicant has failed to provide clear and convincing

evidence to rebut these findings, nor has he pointed to evidence in the record which the state

court may have ignored or misunderstood.  He appears to base his position solely on the fact that

the comment of the prosecutor constituted misconduct, and a violation of the American Bar

Association Standards for Criminal Justice.  *See* TRAVERSE, Docket #23, p. 26.  This bare fact

and/or argument does not provide a basis to demonstrate that the state appellate court made an

unreasonable determination of facts in light of the evidence or support a finding that when viewed

22

in the context of the entire trial, the comment affected the fundamental ability of the jury to weigh

the evidence fairly.   Accordingly, federal habeas relief is not available under this claim.

### 5.    Prosecutor's Characterization of the Offense as a Vile and Evil Act.

The record contains the following exchange during rebuttal on closing:

| | |
|---|---|
| [PROSECUTOR]: | What [the Applicant] did not tell his mother is that they tied Jason Trefny to 120.6 pounds of weights and left him there to literally drown in his own blood.  What he did not tell his mother is that Jason Trefny was shot twice.  What he did not tell his mother is that there was not way that Jason Trefny could have used that asthmatic inhaler, because his hands were tied behind his back and his left ankle was tied to 120.6 pounds of weights.  Now, why didn't he tell his mother this kind of stuff?  Because he wanted to be able to look at his mother, look her in he [sic] eye and say, well, if I tell my mother - - |
| [DEFENSE]: | Objection, your honor. |
| THE COURT: | Overruled. |
| [PROSECUTOR] | If I tell my mother it's an accident, if I tell my mother that [my brother] pulled the trigger, she can look at me as a human being.  But if I tell her what a vile, evil thing - - |
| THE COURT: | No, no, no.  Ladies and gentlemen, you are to disregard that [trial transcript citation omitted]. |

ANSWER, Docket #8, Exh. B, p. 21; *see, also, Id.* at Exh. A, p. 29.

Based on the trial court's intervention, and instruction to the jury, the Colorado Court of

Appeals found no error and denied the Applicant relief on his direct appeal in this regard.  *Id.*  at

Exh. D, p. 14.  Again, the Applicant fails to rebut the facts as found by the state appellate court

with any clear and convincing evidence to the contrary and also fails to demonstrate that the court

ignored or misunderstood the evidence that was in front of it.  The prosecution's comment

standing alone is insufficient to demonstrate a violation of Applicant's constitutional rights; he

must show prejudice indicating that the result would have been different if the statement had not

been made.  Additionally, in this instance, he must demonstrate facts to show that the jury ignored

23

or misunderstood the court's instruction to disregard the comment.  He has not done so, and

therefore cannot establish grounds for federal habeas relief based on this claim.

### 6.       Cumulative Effect of Prosecutorial Misconduct.

Finally, Applicant argues that the above alleged violations, considered cumulatively,

amount to prosecutorial misconduct which violated his constitutional rights.  Based on my

determination that none of the issues raised by the Applicant could be considered a violation

standing on its own, the cumulative effect analysis does not apply.  *Cf. United States v. Rivera*,

900 F.2d 1462, 1471 (10th Cir. 1990) (cumulative error analysis evaluates only effect of matters

determined to be error, not cumulative effect of non-errors).

### 7.       Summary.

Adjudication of the Applicant's claims of prosecutorial misconduct by the state courts did

not arrive at a conclusion opposite to that reach by the Supreme Court on a question of law,

unreasonably apply a governing legal principle to the facts of the Applicant's case, or result in an

unreasonable determination of facts in light of the evidence presented.  Therefore, Applicant's

request for federal habeas relief on this account must fail.

## IV.   Conclusion.

In viewing the merits of the Applicant's claims, Applicant is not entitled to relief in this

Court under 28 U.S.C. § 2254.  Pursuant to Rule 8 of the rules governing section 2254

proceedings, no evidentiary hearing is required.  Accordingly, under separate Order, the

Applicant's request for such a hearing will be denied.

Based upon the foregoing analysis, and the entire record herein, I hereby **recommend** that

the Application [Filed March 9, 2005; Docket #3] be **denied**, and that this case be dismissed with

prejudice.

Dated at Denver, Colorado, this 7th day of March, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge