IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 05–cv–00442–EWN–MEH

RHIDALE DOTSON,

    Petitioner,

v.

WARDEN CARL ZENON, and
JOHN SUTHERS, The Attorney General of
the State of Colorado,

    Respondents.

---

# ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

    Applicant Rhidale Dotson, a prisoner in the custody of the Colorado Department of Corrections, has brought this application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He contends that his conviction for felony murder and aggravated robbery is constitutionally infirm, for three reasons: (1) the state court's refusal to suppress evidence of a confession he made to a licensed minister (who was also his mother) violated his right against self-incrimination, his right to a fair trial, and his right to due process of law; (2) the state trial court's refusal to excuse a juror for cause violated his right to due process and a fair trial; and (3) numerous instances of prosecutorial misconduct violated his rights to due process and a fair trial.

    The matter is before the court on the "Recommendation of United States Magistrate Judge." (Doc. # 28). The magistrate judge has recommended that Applicant's three claims be

rejected and that the case be dismissed. Applicant has asserted three objections to the recommendation.

The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the motion before the court and magistrate judge is viewed as dispositive or non-dispositive. For dispositive matters, such as a recommendation for dismissal of a case, a district court assessing a magistrate judge's recommendation for disposition must make a "de novo determination of those portions of the [recommendation] . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (West 2007); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). "[W]hen a party objects to factual findings based upon conflicting evidence or testimony, the district court must indicate that it is conducting a *de novo* determination rather than review under the 'clearly erroneous' standard." *Id*. (citing *Aluminum Co. of Am. v. United States Environmental Protection Agency*, 663 F.2d 499, 502 [4th Cir. 1981]).

I have conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, I have concluded that the recommendation is a correct application of the facts and the law. The reasons for this conclusion are set forth below.

***State Court's Failure to Suppress Evidence of Confession to Clergy-person.***

The magistrate judge suggests alternate grounds for dismissal of this claim. First, it was not raised in the state court. Applicant objects that he did mention it in state court and has done

nothing more than flesh out the argument here. The court agrees with the magistrate judge. A review of the brief filed with the Colorado Court of Appeals and the later petition for a writ of certiorari to the Colorado Supreme Court discloses ten pages of argument, analysis, and citation involving the Colorado statute establishing the so-called priest-penitent privilege in Applicant's brief to the court of appeals (and six pages in the petition for a writ of certiorari), adorned at the argument's conclusion only by an unexplained string-citation to various constitutional provisions, one of which is the fourteenth amendment due process clause. Such a passing citation, without some reasoned argument explaining how the admission of the testimony violated Applicant right to due process, does not constitute exhaustion of the constitutional claim. *See, e.g., Anderson v. Harliss*, 459 U.S. 4, 7–8 (1982). For similar reasons, Applicant's self-incrimination argument must be treated as unexhausted.

Alternately, the magistrate judge suggests that the claim fails on the merits. The court again agrees. Applicant's only objection to the magistrate judge's suggestion is that he is entitled to an evidentiary hearing. He is mistaken, because he already received a full hearing before the state court and makes no argument that there was some constitutional defect in the procedure by which the privilege issue was adjudicated. The magistrate undertook a thorough procedural and substantive due process analysis, and Applicant does not mount a persuasive challenge to that analysis. That Applicant disagrees with the result is irrelevant.

### *Rejection of a Challenge for Cause*

This court has reviewed the transcript of the voir dire of the juror who, according to Applicant, should have been excused for cause. The court has also reviewed the Colorado Court

of Appeals legal and factual analysis of the issue. Applicable habeas corpus law poses two insurmountable obstacles for Applicant. First, this court must determine whether the state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(1) (West 2008). As demonstrated by the magistrate judge, the state court of appeals' decision applied state law which was consistent with clearly established federal law on the issue. Second, factual determinations by the state court are presumed to be correct, and Applicant has the burden of proving them incorrect by clear and convincing evidence. 28 U.S.C.A. § 2254(e)(1) (West 2008). Applicant has not persuaded this court that his challenge meets either statutory test. Instead, he invites this court to grant the application upon a finding that the state trial court abused its discretion. This would be a misapplication of section 2254.

***Prosecutorial Misconduct***

Applicant initially asserted five instances of prosecutorial misconduct. The magistrate judge discussed each instance in detail. In his objections, Applicant pursues his argument with respect to three instances.

Applicant first objects to the magistrate judge's recommendation that the prosecutor's questioning of Applicant's girlfriend (concerning her fear of Applicant as a reason for not earlier coming forward) provides no basis for habeas relief. In Applicant view, the curative instructions were insufficient. This view is contrary to established law that juries are presumed to follow instructions, absent proof to the contrary. Applicant further objects that there were three instances of questioning and only two curative instructions — thus leaving one instance uncured.

The court's review of the transcript, however, reveals that there were two instances of questioning, followed by the prosecutor's instructing the witness "not to tell us whether you were afraid of anybody." This was followed by the court's instruction to disregard the prosecutor's statement. In this court's view, a reasonable jury would understand, especially in light of the court's prior instruction, that the second curative instruction encompassed the question as well as the statement. The episode, in the court's view, does not provide any basis for habeas relief under the section 2254 standards outlined above.

Applicant also persists in his objection that the prosecutor vouched for the credibility of two witnesses. As to the first witness (McDaniel), Applicant objection once again ignores the existence of a curative instruction. As to the second (Jajdelski), this court has reviewed the argument and concludes, as did the state court of appeals, that it did not constitute vouching at all.

Finally, Applicant maintains in his objections that the prosecutor's personal attack on defense counsel deprived him of his right to due process and a fair trial. He initially proffers his version of the facts — that the comment was shouted across the courtroom. This is contrary to the state court's determination that there was uncertainty as to whether the comment was heard. Since this determination is presumed to be correct — and this court perceives no reason to doubt its correctness — Applicant version cannot control his right to relief here. Further, although Applicant correctly observes that there was no express curative instruction, the record discloses that the state trial court cut the prosecutor off and a moment later admonished the prosecutor to

stick to the evidence. This court agrees with the magistrate judge that this record does not warrant habeas relief.

Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. This case is hereby dismissed with prejudice.

DATED this 5th day of March, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge